[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is seeking a dissolution of her marriage to the defendant and an equitable distribution of the marital assets.
After a full trial, the court, based on a preponderance of the credible, relevant and legally admissible evidence, finds, conclude and rules as follows:
The plaintiff, Jean V. Johnson, whose maiden name was Jeanne Urbati, and the defendant, Hanford A. Johnson intermarried at Essex, Connecticut on December 27, 1952.
Both parties, for at least twelve months next preceding the date of this complaint, have resided continuously in this state.
There are no minor children issue of the marriage.
Neither party is receiving aid from any governmental agency.
The marriage of the parties has broken down irretrievably.
Both parties share to some degree the onus for the breakdown of their marriage. The plaintiff contributed because of her drinking problem. However, she took steps to ameliorate her problem and has been sober for some years. On the other hand, the defendant continues to drink to excess and, in addition, fails to communicate with the plaintiff and prefers the company of others to her. On balance, the defendant is more responsible than the plaintiff for the breakdown.
The parties have been living separate and apart since 1988.
Both parties, despite their propensity to drink to excess, are, and have been, during their entire marriage, industrious and have achieved responsible positions in the community and have attained through hard work, savings and inheritance substantial assets.
Guided by the criteria enunciated in General Statute Section46b-81, and, applying same to the facts and circumstances in this CT Page 686 case, the court rules as follows:
No alimony or counsel fees are awarded to either party.
Each party shall retain his or her own retirement account, free and clear of all claims of the other.
Each party to retain all ownership of the bank accounts and/or all shares of stock standing in their own names, free and clear of all claims of the other.
Each party to retain ownership of their respective automobiles, free and clear of all claims of the other.
The defendant shall convey his interest in both 77 Mares Hill Road and 105 Mares Hill Road to the plaintiff free and clear of any claims of the defendant. The plaintiff shall be responsible for all expenses associated with such ownership and shall hold harmless the defendant from any claims against same.
The plaintiff is to transfer her interest in Oak Street to the defendant, free and clear of any claims of the plaintiff. The defendant is to hold harmless the plaintiff from any other claims against the premise.
The defendant is to remain the sole owner of 66 Plains Road and 15 Summit Street and the garage lot, free and clear of any claims of the plaintiff and he shall hold harmless the plaintiff from any other claims against same.
Except for the defendants' clothing, all items of personal property including the furniture, silver, and jewelry located at 105 Mares Hill Road shall be the property of the plaintiff, free and clear of any claims of the defendant.
Accordingly a decree may enter dissolving the marriage and incorporating therein the above orders of the court, distributing the property of the parties.
SPALLONE, STATE TRIAL REFEREE
Judgment entered in accordance with foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk CT Page 687